UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL CHARLES WALSH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-149 ACL |
| STEVEN A. PRIVETTE, | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael Charles Walsh, a former inmate at Wayne County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, Michael Charles Walsh, filed the instant complaint pursuant to 42 U.S.C. § 1983[1] against Judge Steven Privette, the Howell County Circuit Court, and County Clerk Suzanne Adams on October 7, 2021.

Plaintiff claims that he was sitting in the parking lot located at 106 Courthouse Square on December 18, 2020, at approximately 12:30 p.m. He asserts that he was in a friend's vehicle waiting to attend a court session at the Howell County Circuit Court in the case, *State v. Walsh*,

---

[1] Plaintiff also states that he is bringing this action under various criminal codes. However, to the extent that plaintiff is requesting this Court initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

2

No. 19AK-CR00139-02 (37th Judicial Circuit, Howell County Circuit Court)[2]. Plaintiff alleges that while sitting in the car, he saw a man driving a black Volkswagen with no front license plate park at the courthouse. Plaintiff claims that because it is illegal to drive in Missouri with no front license plate, he took photographs of the vehicle and the lack of front license plate and gave the documentation to the Missouri Highway Patrol. Plaintiff observed that the man who exited the vehicle happened to be the judge in his criminal action, Steven Privette.

Plaintiff alleges that after the incident he went to the Clerk's Office at the courthouse and filed documents and awaited his hearing. However, he claims that because he had filed notices of appeal in his criminal case, "the court no longer had the authority to reach any merits in these causes prior to a decision being made by the missouri court of appeals." Plaintiff states that despite acknowledging that he had filed the notices of appeal, Judge Privette continued with the hearing on December 18, 2020. After the hearing, however, the bailiff told plaintiff that Judge Privette wanted to speak to plaintiff and his friend. The record was started again, and Judge Privette asked plaintiff and his friend who had taken pictures of his car and license plate. Plaintiff stated that he and his friend felt "threatened and intimidated" by Judge Privette, but that both men answered the questions asked by the judge. Plaintiff claims:

> Privette's inquisition continued and i, man, responded politely and respectfully, then Privette made suggested comments concerning threatening a judicial official, like i, man would be in trouble for witnessing his illegal activities making it clear that i had better remain silent about his illegal activities. Then Privette outright threatened I man, to remain silent, making sure that i, man, knew that Privette could do whatever he wanted to when Privette stated that if i, man, wanted Privette off the cause(s) being held in the Howell County Circuit Court under the name MICHAEL C. A. WALSH, he would be off of the cause(s) but i, man, would be catching additional criminal charges with bonds.

---

[2]In the complaint in *State v. Walsh*, No. 19AK-CR00129 (37th Judicial Circuit, Howell County Circuit Court), plaintiff was charged with burglary in the second degree as well as a violation of a child protective order.

3

Plaintiff claims that "Suzanna Adams, the court bailiff's and the other attorneys who were also present concealed these crimes" by their failure to report Judge Privette's actions and threats.

Plaintiff states that the Howell County Circuit Court is "foreign to the United States of America," and its actions should be deemed "an act of war against one of the several states of the Union." He claims that he is "not a citizen, a person, or a resident of the United States of America," but he is seeking the aid and protection of the United States." He also states that the court building is a "dry blocked vessel, and all its actors are under Admiralty Law, the law of the seas."

Plaintiff seeks "estoppel" of all proceedings in Howell County Circuit Court and dismissal of all charges therein or removal of all charges in those cases to this Court. He also seeks $400,000 in monetary damages, as well as other injunctive relief in this action, including that his name be stricken from all records in the State of Missouri.

## Discussion

Plaintiff asserts that his due process rights were violated by Judge Privette, as well as the Howell County Circuit Court, and Suzanne Adams, the Court Clerk.

The complaint is subject to dismissal. Plaintiff's claims against the Howell County Circuit Court are legally frivolous because the Circuit Court cannot legally be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Similarly, plaintiff cannot establish the individual liability of County Clerk Suzanne Adams, because she is sued in her official capacity only.[3]

---

[3]Plaintiff has not enunciated the capacity under which he is suing Suzanne Adams. Therefore, the Court must presume that Adams is being sued in her official capacity only. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Ms. Adams is employed by Howell County.

A local governing body such as Howell County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Howell County.

First, plaintiff can show that Howell County had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible...for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

5

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Howell County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by the Howell County Circuit Court. He also fails to present any facts indicating that Howell County failed to train its employees.

As such, plaintiff's official capacity claims against the Howell County Circuit Court must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would

demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Last, plaintiff's claim against Judge Privette is subject to dismissal. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019). Therefore, plaintiff's claims against Judge Privette are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of October, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE